UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ATLANTIC COAST AIRLINES

                Plaintiff,

       - v -

INDEPENDENCE AIRCHARTER CORP.,

                Defendant.
----------------------------------------------------------x

**REPORT AND RECOMMENDATION**

CV-04-1320 (NG)(VVP)

By order of the Honorable Nina Gershon this matter was referred to the undersigned to issue a report and recommendation as to what relief should be awarded to the plaintiff and to determine the amount of attorney's fees and costs, if any, owed to the plaintiff as against the defaulting defendant. The case involves the defendant's infringement of plaintiff's registered trademarks. *See* Complaint ¶ 3.

    *1.*    *Entry of Default Judgment*

"The dispositions of motions for entries of defaults and default judgments . . . are left to the sound judicial discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Shah v. N.Y. State Department of Civil Services,* 168 F.3d 610, 615 (2d Cir. 1999), *quoting Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir. 1993). When deciding whether to enter default the court considers various factors, including (1) the amount of money involved; (2) whether issues of fact or of substantial public importance are at stake; (3) whether the default is largely technical; (4) whether the plaintiff has been substantially prejudiced by the delay; (5) whether the grounds for default are clearly established; (6) whether the default was caused by a good-faith mistake or excusable neglect; (7) how harsh an effect default would have; and (8)

whether the court believes it later would be obligated to set aside the default on defendant's motion. *Cablevision of Southern Connecticut v. Smith*, 141 F. Supp. 2d 277, 281 *citing* Moore's Federal Practice § 55.20 {2}{b} (3d ed.1999). In civil actions, when a party fails to appear after given notice, the court normally has justification for entering default. *Bermudez v. Reid,* 733 F.2d 18, 21 (2d Cir.1984).

The plaintiff has filed an affidavit of a licensed process server attesting to service of the summons and complaint in this action upon the defendant by delivering such copies to the New York Secretary of State pursuant to Section 306 of the Business Corporation Law and in accordance with the provisions of Section 311(a)(1) of the New York Civil Practice Law and Rules. Such method of service is authorized by Rule 4(c)(1) of the Federal Rules of Civil Procedure. The defendant has failed to interpose an answer, or otherwise respond to the complaint. Nor has the defendant responded to plaintiff's application for default. The grounds for default are therefore clearly established, and there is no reason for believing the default is based on a good-faith mistake or technicality. *See Cablevision Systems New York City Corporation v. Leach*, 2002 WL 1751343, at *2 (S.D.N.Y. July 26, 2002) (default willful where defendant never responded to complaint, appeared or explained default). Finally, based on defendant's inaction, it is unlikely that the court will be compelled at some future date to enter an order vacating the default judgment. Judgment by default should therefore be granted so long as liability and damages are appropriately established.

   *2.     Liability*

By virtue of the defendant's default, the well-pleaded allegations of the Complaint are deemed admitted, except as to the amount of the plaintiff's damages. *See, e.g.*, *Greyhound*

*Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 113 S. Ct. 1049 (1993); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Thus, the court is required to accept as true that the plaintiff is the senior user of the mark "Independence Air" which plaintiff uses as the name of its low-cost airline. *See* Complaint ¶ 5. In July 2003, the plaintiff registered the domain name www.IndependenceAir.com, and in August 2003 plaintiff adopted the service mark "Independence Air." *Id* ¶ 6. In October 2003, plaintiff filed applications with the Principal Register of the United States Patent and Trademark Office as registered owner of valid trademarks INDEPENDENCE AIR and an encircled "I" design. *Id* ¶¶ 7, 14-15. Plaintiff has since begun using these marks in an extensive marketing and promotional campaign, which has included press releases. *Id* ¶¶ 8, 13, 16. Plaintiff also registered the trade name "Independence Air" with the United States Department of Transportation in November 2003, and began chartered flights, using these logos, between Washington D.C. and New York. *Id* ¶¶ 8-9. An Independence Air website, www.flyi.com, was made available to the public at this time. *Id.* ¶ 16.

The court further accepts as fact that the plaintiff began using the Independence Air mark on flights in November 2003 and currently the airline serves approximately fifty (50) domestic destinations from Washington Dulles Airport. *Id.* ¶¶ 9, 17. The allegations of the complaint establish that following the plaintiff's first use of "Independence Air" in commerce, the defendant began using the trade name and service mark Independance Airlines Corp. *Id.* ¶ 17. The plaintiff thereafter sent repeated notices to the defendant advising that plaintiff had already adopted and was using the mark, and that defendant's variation of the mark constituted infringement. *Id.* ¶¶ 10, 21. In November 2003, the defendant registered Independance-

Airlines.com and set December 8, 2003 for its own inaugural charter flight. *Id.* ¶ 18.  Further, in correspondence with the Department of Transportation the defendant identified itself as "Independence Air," and also used an imitation of plaintiff's "I" logo design. *Id.* ¶¶ 19-20, 23. Therefore, the infringing actions of the defendant were done knowingly and with willful disregard of plaintiff's rights. *Id.* ¶¶ 33, 45, 53, 58, 67.

The well-pleaded allegations of the complaint further establish that the defendant has continued to use copies and imitations of plaintiff's "Independence Air" mark and has operated a charter flight business under the name and mark "Independance Aircharter Corp." *Id* ¶¶ 21-24. The defendant's mark is only a mere misspelling of the word "independence," and therefore consumers will not notice the slight difference between the marks. *Id.* ¶ 24.  Nor is there any difference in the pronunciation of the marks. *Id.*   The pleadings further establish that since both the plaintiff and defendant provide air charter service, the defendant's conduct has caused confusion, mistake and deception, which will confuse, mislead, and deceive customers as to the origin of the services. *Id.* ¶¶ 24-27.  Further, such confusion and deception of consumers caused the plaintiff to suffer a loss of goodwill. *Id.* ¶¶ 25, 28.

These facts are sufficient to establish the defendant's liability for violation of common law trademark infringement, as well as section 43(a)(1)(A) of the Lanham Act which provides that in civil liability may be imposed

> (1) Any person who, on or in connection with any goods or services, or any container for goods uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of any origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another

>person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. . .

15 U.S.C. § 1125(a)(1)(A).

### 3. *Damages and Injunctive Relief*

Having provided notice to the defaulting defendant, the court is able to receive affidavits in lieu of holding an evidentiary hearing on the appropriate amount of damages to be awarded. *See, e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 11 (2d Cir. 1997) ("We have held that, under rule 55(b)(2), it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment."); *accord, Fustok v. ContiCommodity Serv., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989); *Tamarin v. Adam Caterers, Inc.,* 13 F.3d 51, 54 (2d Cir. 1993). There being no objection by any party to that procedure, the court has received and considered affidavits submitted by the plaintiff, and concludes that they provide a basis for the relief recommended below. The defendant has made no submissions.

The evidence offered in plaintiff's affidavit establishes the following facts. Between December 2003 and April 2004, the plaintiff dispatched investigators to the defendant's place of business on Flatbush Avenue in Brooklyn New York. *See* Declaration of Mike Falsone ("Falsone Decl.") ¶ 2. On December 23, 2003, an investigator took photographs of the defendant's business address which depicted flyers, and a sign above the entrance of the building all marked "Independance Airlines." Falsone Decl. ¶ 4. The investigator then entered the building and spoke with a gentleman who identified himself as Kenny Merveille and revealed to the investigator that the office sells airline tickets to Haiti for $265. *Id*. ¶ 6. A second investigator delivered cease and desist letters to Mr. Merveille on January 16, 2004. *Id*. ¶ 7. Merveille read

the letters, but then denied any knowledge of the contents of the letters and attempted to give the letters back. *Id*. A third investigator was dispatched to the premises on April 28, 2004 only to find that graffiti now covered the "Independance Airlines" signs and the store did not appear to be open. *Id.* ¶ 8.

The plaintiff is seeking injunctive relief. Under the Lanham Act the court has the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant . . . . " 15 U.S.C.A. § 1116. Injunctive relief is appropriate in this instance to curtail the likelihood of confusion caused by the defendant's use of the mark "Independance." Accordingly, the defendant should be permanently enjoined from infringing upon plaintiff's "Independence Air" marks in a confusingly similar manner. This injunction should restrict the defendant from using the words "Independence," "Independance," or "Independance Aircharter Corp.," or any variations or simulations thereof, in any conceivable manner.

Lastly, the plaintiff requests an order directing the defendant to transfer the domain name www.Independance-Airlines.com to the plaintiff. Pursuant to the Anticybersquatting Consumer Protection Act:

> (1)(A) A person shall be liable in a civil action by the owner of a mark, . . . .if without regard to the goods or services of the parties, that person
>
> (i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>
> (ii) registers, traffics in, or uses a domain name that- -
>
> (I) in the case of a distinctive mark at the time of the registration of the domain name, is identical or confusingly similar to that mark;

15 U.S.C. § 1125(d)(1)(A).

As a remedy, "a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(1)(c). The court believes it appropriate to grant such relief. Therefore, the defendant should be directed to immediately transfer ownership of the www.Independance-Airlines.com domain name to the plaintiff. If the defendant fails to transfer ownership and title of the domain name within ten (10) days after entry of judgment, the registar for that domain name, RegisterFly.com, is directed to transfer ownership and title of the www.Independance-Airlines.com domain name to the plaintiff.

### 4. *Attorney's Fees and Costs*

The plaintiff is also seeking attorney's fees and costs. In an action for violation of use of the use of a mark, the court may award to a prevailing party reasonable attorneys fees in an exceptional case. 15 U.S.C.A. § 1117 (a). An "exceptional case" is one in which fraud or bad faith, or willful infringement has been established. *Patsy's Brand, Inc., v. I.O.B. Realty, Inc.,* 317 F.3d 209, 221 (2d Cir. 2003).

The plaintiff has established willfulness and bad faith. As noted earlier, the defendant's corporate name, but for one letter, is identical to the plaintiff's. When informed of the similarities in name, the defendant merely changed its corporate identification from "Independance Airlines" to "Independance Aircharter." Further, the defendant continuously disregarded plaintiff's repeated cease and desist notices. Therefore, the court considers this an appropriate action in which the plaintiff may be entitled to attorney's fees.

The plaintiff has submitted a declaration that sets the legal fees and costs in connection with this case at $18,685.50 and $291.45, respectively. *See* Declaration of James L. Bikoff in

Support of Plaintiff's Application for Entry of Final Judgment After Default Against Defendant Independance Aircharter Corp. ("Bikoff Decl."). Although the court agrees that an award is appropriate, the fees the plaintiff seeks appear to be excessive. Further, the plaintiff's current submissions are insufficient to warrant any award of fees. The plaintiff did not provide contemporaneous billing records to support the request for fees, disregarding the general rule that "the party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Failure to provide such records establishing a factual basis for a fee award calls for an appropriate reduction in fees. *Id.* Indeed, this Circuit has announced that it will totally disallow an application for attorney's fees unless accompanied by contemporaneous billing records indicating the date, the hours expended, and the nature of the work done, for each attorney. *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148, 1154 (2d Cir. 1983).

There are some case within this Circuit where the failure to submit such detailed billing records has resulted in merely a reduction in fees, and not in total disallowance. *See e.g., United States Football League v. National Football League,* 887 F.2d 408, 410-411, 413, 415 (2d Cir. 1989); *Fernandez v. North Shore Orthopedic Surgery & Sports Medicine, P.C.,* No. 96 CV 4489, 2000 WL 130637 (E.D.N.Y. Feb. 4, 2000). Yet those cases are distinguishable from the case at bar, because in those cases some sort of contemporaneous billing records had been submitted. *See id.* Here, the plaintiff did not submit any contemporaneous billing records whatsoever, let alone deficient ones. In fact, the only information provided is the range of hourly rates charged

by counsel from February 1, 2004 through May 31, 2004. *See* Bikoff Decl. ¶¶ 3-4.[1] This absence of proof is even more curious given that the plaintiff provides authority in its memorandum concerning the proof that needs to be provided to the court to substantiate an attorney's fees award. *See* Plaintiff Atlantic Coast Airlines' Memorandum in Support of its Motion for Entry of Final Judgment After Default Against Defendant Independance Aircharter Corp. The court therefore recommends that an award of attorney's fees be denied without prejudice to the plaintiff making such an application pursuant to Rule 54 (c) of the Federal Rules of Civil Procedure following the entry of judgment.

    In accordance with the above considerations, the undersigned hereby **RECOMMENDS**:

1. That a default judgment be entered against the defendant Independance Aircharter Corp.;

2. The defendant be permanently enjoined from using plaintiff's mark in accordance with provisions in paragraphs 2 (d) - (h) of the Amended Proposed Order Entering Final Judgment After Default Against Defendant Independance Aircharter Corp.; and

3. That an order be issued directing that the ownership of and title to the domain name www.Independance-Airlines.com be transferred to the plaintiff; and

4. That the application for attorney's fees and costs be denied without prejudice to renewal post-judgment.

\*        \*        \*        \*        \*        \*

---

[1] Counsel fees ranged from $275 to $425 an hour for partners, $150 to $275 for associates, and from $75 to $150 for paralegals and legal assistants. *See* Bikoff Decl. ¶ 4.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 10 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**Counsel for the plaintiff shall serve a copy of this Report and Recommendation on the defendant by regular mail and file proof of such service in the record.**

SO ORDERED:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:   Brooklyn, New York
        February 2, 2006