**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X      04 CV 1320 (NG) (VVP)
ATLANTIC COAST AIRLINES,

                      **Plaintiff,**

    **-against-**                                                **ORDER**

**INDEPENDANCE AIRCHARTER CORP.,**

                      **Defendants.**
-------------------------------------------------------------------X

**GERSHON, United States District Judge:**

By complaint dated March 30, 2004, plaintiff commenced this action for trademark infringement. On April 28, 2004, plaintiff moved for default judgment against the sole defendant, Independance Aircharter Corp. On June 15, 2004, the Clerk of Court entered defendant's default pursuant to Federal Rule of Civil Procedure 55(a). On July 14, 2004, plaintiff's motion for default judgment was referred to the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, for report and recommendation. Judge Pohorelsky issued a report and recommendation on February 2, 2006, which was served on defendant by regular mail on February 3, 2006. No objections have been filed by defendant, and the time for filing objections has now expired.

As a remedy for the alleged trademark infringement, plaintiff seeks injunctive relief, as well as attorney's fees and costs. After a thorough analysis of the relevant facts and legal principles, Judge Pohorelsky concludes that defendant is liable for common law trademark infringement, violation of Section 43(a)(1)(A) of the Lanham Act, codified at 15 U.S.C. § 1125(a)(1)(A), and violation of the Anti-Cybersquatting Consumer Protection Act, codified at 15 U.S.C. 1125(d)(1)(A). He recommends granting plaintiff's motion for default judgment and awarding plaintiff the

injunctive relief that it requests. With respect to plaintiff's application for attorney's fees and costs, Judge Pohorelsky finds that, although plaintiff meets the standard for an award of attorney's fees and costs under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), plaintiff did not adequately support its application with contemporaneous billing records. He recommends that plaintiff's application for attorney's fees and costs be denied without prejudice to renewal post-judgment.

Judge Pohorelsky's recommendations that plaintiff's motion for default judgment be granted and that plaintiff be awarded injunctive relief are adopted by the court. Plaintiff's application for attorney's fees and costs, however, is denied with prejudice. Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the magistrate judge's consideration, and it is within my discretion to refuse to allow supplementation of the record before me. *See Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). Proceedings before the magistrate judge are not a trial run, after which litigants should feel free to add "to the record in bits and pieces depending upon the rulings or recommendation they receive[]." *Id*. (quoting *Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994)). Especially given the extent of the failure to support the application for fees, no further opportunity should be provided. In light of the denial of plaintiff's application for attorney's fees and costs on evidentiary grounds, I need not review Judge Pohorelsky's finding that plaintiff is entitled to an award of attorney's fees and costs under Section 35(a) of the Lanham Act.

Plaintiff's motion for default judgment is granted pursuant to Federal Rule of Civil Procedure 55(b). Defendant is permanently enjoined from using plaintiff's mark as follows:

(a) The court permanently enjoins defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in privity, active concert, or participation with defendant from using the words

"INDEPENDANCE" or "INDEPENDENCE," or any variations or simulations thereof, alone or in combination with other words or symbols, as a corporate name, trade name, domain name, service mark, or otherwise infringing upon plaintiff's "INDEPENDENCE AIR" marks.

(b) The court permanently enjoins defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in privity, active concert, or participation with defendant from making any use of the domain name "Independance-Airlines.com"; registering any other domain names incorporating, in whole or in part, "INDEPENDANCE" or "INDEPENDENCE" or any word or mark identical or similar to plaintiff's "INDEPENDENCE AIR" marks.

(c) The court orders defendant immediately to transfer ownership of the domain name "Independance-Airlines.com" to plaintiff. Should defendant fail to transfer ownership and title of the domain name within ten days after entry of judgment, the registrar for that domain name, RegisterFly.com, is directed, upon notice from plaintiff, to transfer ownership and title of the domain name "Independance-Airlines.com" to plaintiff.

(d) The court orders defendant to change its corporate name, "Independance Aircharter Corp.," so as not to include the words "INDEPENDANCE" or "INDEPENDENCE," or any variations or simulations thereof, alone or in combination with other words or symbols, in accordance with paragraph (a) above.

(e) The court orders defendant to discontinue use of any and all signage, letterheads,

business cards, telephone identifications, purchase orders, listings in any directories, including any future phone directory, any future directory assistance information, any internet sources, and any other materials that identify it as "Independance Aircharter Corp." or any other confusingly similar name or colorable imitation, or that include the words "INDEPENDANCE" or "INDEPENDENCE," or any variations or simulations thereof, alone or in combination with other words or symbols, in accordance with paragraph (a) above.

The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

          /S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
      March 1, 2006